1

2

3

4

5

6

7

8

9                             UNITED STATES DISTRICT COURT

10                             EASTERN DISTRICT OF CALIFORNIA

11

12   KEVIN ALLEN,                              Case No. 1:18-cv-00808-LJO-EPG (PC)

13                    Plaintiff,               ORDER DENYING PLAINTIFF'S RENEWED
                                               MOTION FOR APPOINTMENT OF PRO
14         v.                                  BONO COUNSEL

15   DR. LOPEZ, et al.,                        (ECF NO. 21)

16                    Defendants.

17

18

19         Kevin Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with

20   this civil rights action filed pursuant to 42 U.S.C. § 1983.  On December 10, 2018, Plaintiff filed

21   a renewed motion for appointment of pro bono counsel.[1]  (ECF No. 21).

22         Plaintiff asks for appointment of counsel because his imprisonment will greatly limit his

23   ability to litigate; he is illiterate; he has a TABE Reading Score of 0.7, 0.7, 01, 2.4; he has

24   dyslexia; expert testimony will likely be required; and he has a great likelihood of success on the

25   merits.

26   _____

27         [1] Plaintiff also asks the Court to send him a copy of the complaint filed on June 13, 2018.  As Plaintiff has
     filed a separate motion asking for identical relief (ECF No. 22), the Court will address this request when ruling on
     that motion.
28

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and the Court still cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, based on the record in this case, it appears that Plaintiff (with the assistance he is currently getting) can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 12, 2018**          /s/ Eric P. Groj
                                     UNITED STATES MAGISTRATE JUDGE