UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>        Petitioner,<br><br>    v.<br><br>DR. LOPEZ, *et al.*,<br><br>        Respondent. | No. 1:18-cv-00808-NONE-EPG (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS LOPEZ, OGBUEHI, AND RELEVANTE, AND DENY IN PART AS TO DEFENDANTS PATEL, SAO, ULIT, AND SPAETH</u><br><br>(Doc. Nos. 45, 51) |

Plaintiff Kevin Allen, a state prisoner, brought this action under 42 U.S.C. § 1983 *pro se* and *in forma pauperis* against prison officials at the Kern Valley State Prison for violating his Eighth Amendment rights. (Doc. No. 1.) Plaintiff contends that for approximately seven years he has been suffering from a severe and chronic lower back and right leg pain. (Doc. No. 46 at 19, 21, 28–30, 46, 55.) Neurosurgeons Senegor and Segal recommended surgery for plaintiff's pain on July 21, 2015 and October 28, 2016, respectively, (Doc. Nos. 45-4 at 9–11; 46 at 55), but on September 29, 2016 Dr. Williams recommended nonsurgical care instead (Doc. No. 45-4 ¶ 6, Ex. A at 18–19). Thereafter, plaintiff's request for surgery came before the Medical Authorization

/////

/////

/////

1

Review ("MAR") Committee[1] for a vote on November 29, 2016, and his request for authorization of the surgery was denied. (Doc. No. 51 at 14–15.) In his complaint filed in this action, plaintiff claims that members of the MAR Committee who denied his request for surgery—namely, defendants Dr. Lopez, Dr. Spaeth, Dr. Sao, Dr. Ulit, Dr. Patel, PA Ogbuehi, and PA Relevante— were deliberately indifferent to his serious medical needs. (Doc. Nos. 1, 14.)

On October 22, 2019, defendants moved for summary judgment on grounds that there was no deliberate indifference and, alternatively, on qualified immunity grounds. (Doc. No. 45.) On May 8, 2020, the assigned magistrate judge recommended that summary judgment be entered in favor of defendants Lopez, Ogbuehi, and Relevante because they were *not* members of the MAR Committee that denied plaintiff the requested surgery on November 29, 2016 and, therefore, could not be held liable in connection with that decision pursuant to § 1983. (Doc. No. 51 at 14–15.) As for defendants Patel, Sao, Ulit and Spaeth—who served on the MAR Committee when the matter came before it, the magistrate judge recommended that their motion for summary judgment be denied because the "lengthy and detailed" recommendation in support of plaintiff receiving the surgery prepared by Dr. Senegor and Dr. Segal, when compared to the thinly reasoned decision of the MAR Committee to deny authorization of the surgery, were sufficient to raise a genuine dispute of material fact as to plaintiff's deliberate indifference claim and precluded summary judgment. (*Id.* at 15–18.)

Defendants filed their objections thereto on May 29, 2020, urging the court to enter summary judgment in favor of defendants Patel, Sao, Ulit and Spaeth as well. (Doc. No. 52.) Plaintiff has not responded to the pending findings recommendations or defendants' objections. Pursuant to 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of this case and concludes that the findings and recommendations are supported by the record and proper analysis. The court also finds defendants' objections to be unpersuasive for the reasons set forth below.

/////

---

[1] According to defendants, there is a MAR Committee in each California prison that decides whether "to approve or disapprove requests for medical services otherwise excluded by regulations." (Doc. No. 45-4 ¶ 11.)

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). But "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (citation omitted). Rather, deliberate indifference exists when "the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* (citation omitted).

Here, defendants argue that the MAR Committee's decision, together with Dr. Williams recommendation against surgery for plaintiff, "clearly" establishes a "difference of opinion between medical professionals," namely with Dr. Senegor and Dr. Segal, as opposed to deliberate indifference. (Doc. No. 52 at 5–6.) Having reviewed the relevant evidence, the court disagrees. The mere divergence of recommendations alone, particularly in light of Dr. Senegor's and Dr. Segal's "lengthy and detailed" recommendations for surgery, does not constitute—as a matter of law—a reasonable disagreement between medical professionals, as opposed to deliberate indifference to a serios medical need. (*See* Doc. No. 51 at 16–18.) As the magistrate judge reasoned, after construing the evidence in light most favorable to plaintiff, the factual issue of deliberate indifference can only be decided by weighing the reasoning set forth in the competing medical assessments. (*See id.*) Since it was inappropriate for the court to make such factual finding, the magistrate judge properly concluded, summary judgment was inappropriate. (*See id.*)

In *Snow v. McDaniel*, 681 F.3d 978 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014), the Ninth Circuit confronted the same argument defendants advance here and rejected it. Two orthopedic surgeons in *Snow* recommended that the prisoner plaintiff receive a "joint-replacement surgery." *Snow*, 681 F.3d at 987–88. Another physician recommended against surgery, and the prison committee charged with approving the surgery ultimately denied the plaintiff's request for surgery. *Id.* at 984, 986. The district judge in *Snow* initially granted summary judgment and found that there was "a mere

3

difference of opinion over the course of treatment." *Id.* at 987.  The Ninth Circuit reversed and found—after carefully reviewing the conflicting recommendations by medical professionals in light most favorable to the plaintiff—that there was a genuine dispute of material fact as to whether the denial of the requested surgery to the plaintiff was "medically unacceptable and subjectively reckless." *Id.* at 988.  As the Ninth Circuit's decision in *Snow* demonstrates, a mere divergence between the recommendations of medical professionals does not constitute definitive proof of "a difference of opinion" as a matter of law; rather, it is the nature of the conflicting recommendations in a particular case and circumstances that is determinative, which sometimes may require a jury to weigh the evidence and decide whether there is deliberate indifference.

The court also disagrees with defendants' contention that they are entitled to summary judgment on qualified immunity grounds.  Defendants contend there is no law clearly establishing that the denial of treatment to an inmate's medical needs, against medical professionals' recommendation, is a constitutional violation.  (*See* Doc. No. 52 at 5–7.)  But it is well-established that a prison official's denial, delay or intentionally interference with medical treatment constitutes a violation of the Eighth Amendment.  *See Hutchinson*, 838 F.2d at 394.  Moreover, *Snow*, along with other authorities cited in the pending findings and recommendations (*see* Doc. No. 51 at 18–19), establish that under the present circumstances that the decision to deny the requested surgery to plaintiff by defendants Patel, Sao, Ulit and Spaeth *could* be unlawful depending on the factual findings made by the finder of fact.  Thus, there a genuine dispute of material fact with respect to defendants entitlement to qualified immunity as well.[2]

---

[2] Defendants also dispute the magistrate judge interpretation of three pieces of evidence.  (Doc. No. 52 at 3–4.)  The court agrees with the reasoning in the findings and recommendations that those pieces of evidence are either irrelevant or unpersuasive (Doc. No. 51 at 17–18), so the court need not re-analyze all of defendants' objections addressing these issues.  Defendants' objection about the two neurosurgeons' recommendations in favor of surgery will be discussed, however.  While defendants submit that Dr. Senegor and Dr. Segal "independently recommended surgery," defendants dispute the magistrate judge's interpretation of the Dr. Senegor's recommendation as "misleading because the first recommendation for surgery was contingent on the results of the March 10, 2016 MRI, which showed improvement to Plaintiff's spinal stenosis."  (Doc. No. 52 at 3) (citing Doc. No. 45-3 ¶¶ 2–3) (showing only nurse practitioner Manasrah's and Dr. Goller's examination notes, as opposed to Dr. Senegor).  Having reviewed Dr. Senegor's recommendation (Doc. No. 46 at 55), the court finds no support for defendants' contention in this regard.

Finally, defendants urge the court not to adopt the magistrate judge's recommendation to deny summary judgment as to defendant Spaeth because defendant Spaeth "does not recall voting to deny surgery on November 29, 2016, and that Patel, Sao, and Ulit voted unanimously to deny surgery." Defendant Spaeth was one of nine members on the MAR Committee, but only votes when there is a tie among the other eight members. (Doc. Nos. 45-3 ¶¶ 17, 23; 45-4 at 13; 46 at 46.) Notwithstanding this evidence, the court finds defendants' reasoning to be unavailing. Defendants are in the best position to produce record of the November 29, 2016 vote count by the MAR Committee, and as the moving party on summary judgment, defendants also bear the burden of production and persuasion, *see Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Yet, defendants have produced no affirmative evidence to show the November 29, 2016 vote count,[3] nor have defendants explained why they could not do so. Rather, defendant Spaeth's testimony merely that she "does not recall"—when construed in light most favorable to plaintiff—is insufficient to resolve that factual issue and leaves a reasonable doubt as to it. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) ("Reasonable doubts as to the existence of material factual issue are resolved against the moving part[y] and inferences are drawn in the light most favorable to the non-moving party."). For this reason, defendants have failed to meet their burden of persuasion and production. The court will therefore adopt the magistrate judge's recommendation to deny summary judgment as to defendant Spaeth.

/////
/////
/////
/////
/////

---

[3] Defendants have neither argued nor provided evidence to show whether other members on the MAR Committee, in addition to defendants Patel, Sao, Ulit, and Spaeth, participated and voted on plaintiff's request for surgery on November 29, 2016. (Doc. Nos. 45-2; 42-3; 49; 52.) Thus, it is unclear whether there was a tie vote to trigger defendant Spaeth's vote, even if defendants Patel, Sao, and Ulit had voted against surgery.

5

Accordingly, the court hereby ORDERS that:

1. The findings and recommendations issued by the magistrate judge on May 8, 2020 (Doc. No. 51) are ADOPTED in full;

2. Defendants' motion for summary judgment (Doc. No. 45) is GRANTED as to defendants Lopez, Ogbuehi, and Relevante and DENIED as to defendants Patel, Sao, Ulit and Spaeth.

IT IS SO ORDERED.

Dated: __**March 26, 2021**__  _____
UNITED STATES DISTRICT JUDGE