UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>            Plaintiff,<br><br>      v.<br><br>DR. SPAETH, et al.,<br><br>            Defendants. | Case No. 1:18-cv-00808-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 77)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF THESE FINDINGS AND RECOMMENDATIONS |

Kevin Allen ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation, is proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 30, 2021, Plaintiff filed a motion *pro se*, asking the Court to order the prison to allow Plaintiff to call his attorney and family. (ECF No. 77). On September 14, 2021, Defendants filed an opposition. (ECF No. 80). For the reasons that follow, the Court will recommend that Plaintiff's motion be denied.

**I.   SUMMARY OF PLAINTIFF'S MOTION**

Plaintiff alleges that he has not had outside exercise for six weeks, and officers will not allow Plaintiff to call his attorney or his family. Officers told Plaintiff he is only allowed to use

1

the phone on Saturdays and Sundays, but his attorney is not in the office on these days.

Plaintiff has not heard from his family in two and a half months, and he is very worried about them.

Plaintiff asks for an order directing the prison to allow him to call his family and his attorney via collect calls for ninety days.[1]

## II.   SUMMARY OF DEFENDANTS' OPPOSITION

In opposition, Defendants argue that "[t]he Court should deny Plaintiff's motion because it is unrelated to his deliberate indifference claim against Defendants and seeks injunctive relief against non-party individuals over whom the Court has no jurisdiction." (ECF No. 80, p. 3). "Furthermore, Plaintiff is not permitted to place confidential phone calls to his attorney on an inmate telephone. Instead, in order for the inmate to place or receive the call it must have already received approval or clearance based upon written request from an attorney on the attorney's office letterhead stationery…. Additionally, both Plaintiff's institution and his counsel confirmed that a confidential attorney-client call with Plaintiff occurred on August 30, 2021, at 9 a.m., the same day the instant motion was filed."  (Id. at 3-4) (citations and internal quotation marks omitted).

## III.   LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under

---

[1] While Plaintiff includes allegations regarding a lack of outdoor exercise, Plaintiff does not seek an injunction requiring outdoor exercise.

1    Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"
2    their "officers, agents, servants, employees, and attorneys," and "other persons who are in active
3    concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive
4    relief based on claims not pled in the complaint, the court does not have the authority to issue an
5    injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir.
6    2015).

7    Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the
8    Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is
9    narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,
10   and is the least intrusive means necessary to correct the violation of the Federal Right."

11   On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is
12   likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
13   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
14   public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural
15   Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that
16   irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance
17   for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

18   Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in
19   aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.
20   § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons
21   who, though not parties to the original action or engaged in wrongdoing, are in a position to
22   frustrate the implementation of a court order or the proper administration of justice, and
23   encompasses even those who have not taken any affirmative action to hinder justice." United
24   States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

25   "Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-
26   party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending
27   action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). See
28   also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of

the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## IV. ANALYSIS

The Court will recommend that Plaintiff's motion for injunctive relief be denied.

On September 22, 2021, this Court held a status conference. (ECF No. 83). Plaintiff's counsel, Sirena Castillo and Catherine Noble, and Plaintiff, appeared. (Id.). Plaintiff's counsel confirmed that they can set up calls with Plaintiff, although there is some delay. Additionally, Plaintiff had a confidential call with his counsel on August 30, 2021 (ECF No. 80, p. 4), nine days after the date of service of his motion (ECF No. 77, p. 12). Thus, Plaintiff is now able to speak with his counsel int his case, and Plaintiff's request for an injunction directing his institution of confinement to allow him to speak with his counsel is moot.

As to Plaintiff's request for the Court to allow him to call his family, this request will be denied because it is not related to the claims proceeding in this action. This action is proceeding on Eighth Amendment claims that medical professionals were deliberately indifferent to his serious medical needs by denying Plaintiff surgery. Plaintiff's request for injunctive relief based on allegations that he is not being allowed to call his family has no relationship to these claims. Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion. Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Therefore, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## V. RECOMMENDATIONS AND ORDER

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's filing (ECF No. 77), which the Court construes as a motion for injunctive relief, be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, it is ordered that the Clerk of Court is directed to send Plaintiff a copy of these findings and recommendations.

IT IS SO ORDERED.

Dated:   **September 24, 2021**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

5